UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PLUMBERS AND PIPEFITTERS**
**LOCAL 51 PENSION FUND,**

      **Plaintiff,**

-vs-                  Case No. 6:08-cv-388-Orl-19DAB

**DARDEN RESTAURANTS, INC.,**
**CLARENCE OTIS, JR.,**
**C. BRADFORD RICHMOND,**

      **Defendants.**

## ORDER

This case comes before the Court on the following:

1. Motion for, and Memorandum of Law in Support of, Carpenters Funds' Appointment as Lead Plaintiffs and for Approval of Lead Counsel (Doc. No. 25, filed May 12, 2008);

2. Motion of Electrical Workers Pension Fund, Local 103, I.B.E.W. for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel and Memorandum of Law (Doc. No. 27, filed May 12, 2008);

3. Memorandum of Law (1) in Support of Motion of Electrical Workers Pension Fund, Local 103, I.B.E.W. for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and (2) in Opposition to the Competing Motion of the Carpenters Funds (Doc. No. 33, filed May 30, 2008);

4. Memorandum of Law in Further Support of Carpenters Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel, and in Opposition to Competing Motion (Doc. No. 35, filed May 30, 2008);

5. Hearing on Motions for Appointment of Lead Plaintiff and Lead Counsel held on June 4, 2008;

6. Memorandum of Law in Further Support of Carpenters Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel, and in Further Opposition to Competing Motion (Doc. No. 47, filed June 20, 2008);

7. Declaration of Kenneth N. Kotz [in Support of Carpenters Funds' Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel] (Doc. No. 48, filed June 20, 2008);

8. Supplemental Memorandum of Law (1) in Support of Motion of Electrical Workers Pension Fund, Local 103, I.B.E.W. for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and (2) in Opposition to the Competing Motion of the Carpenters Funds (Doc. No. 49, filed June 20, 2008);

9. Notice of Withdrawal of Motion by Electrical Workers Pension Fund, Local 103, I.B.E.W. (Doc. No. 50, filed June 27, 2008); and

10. Notice of Carpenters Funds in Response to Electrical Workers' Withdrawal of its Motion for Appointment as Lead Plaintiff (Doc. No. 51, filed June 27, 2008).

**Background and Analysis**

Congress enacted the Private Securities Litigation Reform Act ("PSLRA") in 1995, establishing new substantive and procedural rules for securities litigation. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2508 (2007). One of the Act's procedural components concerns the appointment of lead plaintiffs and lead counsel. *Id.* According to the United States Supreme Court, "[t]his innovation [is] aimed to increase the likelihood that institutional investors-- parties more likely to balance the interests of the class with the long-term interests of the company--

would serve as lead plaintiffs." *Id.* Particularly, Congress reasoned that such large investors would have an incentive to actively monitor the conduct of their attorneys and ensure that members of the class were well represented. James D. Cox & Randall S. Thomas, *Does the Plaintiff Matter? An Empirical Analysis of Lead Plaintiffs in Securities Class Actions*, 106 Colum. L. Rev. 1587, 1587-89 (2006).

To facilitate the appointment of lead plaintiff, the PSLRA creates a rebuttable presumption that the most adequate plaintiff is that person or group of persons who "has either filed the complaint or made a motion in response to a notice," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) (2006), "has the largest financial interest in the relief sought," *id.* § 78u-4(a)(3)(B)(iii)(I)(bb), and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," *id.* § 78u-4(a)(3)(B)(iii)(I)(cc). Any member of the purported plaintiff class may rebut the presumption upon proof that the presumptive most adequate plaintiff "is subject to unique defenses,"*id.* § 78u-4(a)(3)(B)(iii)(II)(bb), or "will not fairly and adequately protect the interests of the class." *id.* § 78u-4(a)(3)(B)(iii)(II)(aa).

Subject to the district court's approval, the PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class. *Piven v. Sykes Enters., Inc.,* 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (citing 15 U.S.C. § 78u-4(a)(3)(B)(v)). The statute does not prescribe any factors for the district court to consider when deciding whether to approve the lead plaintiff's choice of counsel. However, where a law firm "has successfully prosecuted securities class action litigations in the past," courts generally will not "interfere with the [l]ead [p]laintiff's choice of counsel . . . ." *Miller v. Dyadic Intern., Inc.*, No. 07-80948-CIV, 2007 WL 4754041, at *2 (S.D. Fla. Dec. 14, 2007).

Two pension funds collectively referred to as "the Carpenters Funds" filed a single motion that sought appointment as lead plaintiffs and approval of their choice of lead counsel. (Doc. No. 25.) A third fund, Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Electrical Workers"), filed a competing motion. (Doc. No. 27.) Electrical Workers later withdrew its Motion for Appointment. (Doc. No. 50.)

As a result of the withdrawal, it is now undisputed that the Carpenters Funds comprise "the group of persons" with the largest financial interest in the relief sought.[1] The Court further finds that the Carpenters Funds "made a motion in response to a notice," within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), and "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure," within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).[2] The Carpenters Funds' claims appear to be typical of the class[3] and nothing in the record suggests that Carpenters

---

[1] "[A]ggregation is acceptable for the purposes of lead plaintiff in private securities litigation." *Newman v. Eagle Building Techs.*, 209 F.R.D. 499, 503-04 (S.D. Fla. 2002). "The idea that plaintiffs may aggregate their losses into a group to show the largest financial interest derives from the language of the PSLRA which states that the most adequate plaintiff is the 'person or group of persons.'" *Id.* at 503 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).

[2] Rule 23 requires that: (1) the claims of the proposed lead plaintiff be typical of the class; and (2) the representative will fairly and adequately represent the interests of the class. *Piven*, 137 F. Supp. 2d at 1306; *see also Fischler v. Amsouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997) (finding that a wide-ranging analysis under Rule 23 is not appropriate at this stage and focusing the inquiry on typicality and adequacy). The requirement of typicality is satisfied where the representative's claims share the same essential characteristics as the claims of the class at large. *Piven*, 137 F. Supp. 2d at 1307 (quoting *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000)). As a procedural matter, "in the absence of a showing of a reasonable basis by another plaintiff, no evidentiary proof of the Rule 23 requirements is required at the lead plaintiff appointment stage since it would vitiate Congress' intent for a speedy lead plaintiff determination . . . ." *Id.* (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 550 (N.D. Tex. 1997)).

[3] (*Compare* Doc. No. 25 at 1-3 (describing the Carpenters Funds' claims), *with* Doc. No. 1, ¶¶ 6-19 (describing the class's claims).)

Funds will not adequately represent the interests of the class. Finally, the Carpenters Funds' retained law firm of Bernstein Liebhard has "successfully prosecuted securities class action litigations in the past," and the Court has not been presented with any reason to disturb this choice of counsel. (*See* Doc. Nos. 26-2, 26-3.)

Therefore, the Motion for, and Memorandum of Law in Support of, Carpenters Funds' Appointment as Lead Plaintiffs and for Approval of Lead Counsel (Doc. No. 25, filed May 12, 2008) is **GRANTED**. Class members Carpenters Pension Trust Fund for Northern California and Carpenters Annuity Trust Fund for Northern California are **APPOINTED lead plaintiffs**. The law firm of Bernstein Liebhard is **APPOINTED as lead counsel**, and the law firm of Barker Rodems is **APPOINTED as liaison counsel** to represent Plaintiffs and the Class, provided that there is no duplication of attorneys' services and provided that the retention of the two firms does not in any way unnecessarily increase attorneys' fees and expenses.[4]

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 1, 2008.

/s/ Patricia C. Fawsett
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[4] *In re Applied Signal Tech., Inc. Sec. Litig.,* No. C 05-1027, 2005 WL 1656886, at *4 (N.D. Cal. July 14, 2005).