**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PLUMBERS AND PIPEFITTERS**
**LOCAL 51 PENSION FUND, individually**
**and on behalf of all others similarly**
**situated, and CARPENTERS ANNUITY**
**TRUST FUND FOR NORTHERN**
**CALIFORNIA,**

     **Plaintiffs,**

**v.**                                                          **Case No.: 6:08-cv-00388-Orl-35DAB**

**DARDEN RESTAURANTS, INC., CLARENCE**
**OTIS, JR., and C. BRADFORD RICHMOND,**

     **Defendants.**

_____

**<u>ORDER</u>**

     **THIS CAUSE** comes before the Court for consideration of Defendants' Motion to

Dismiss Class Action Complaint (Dkt. 72), filed on November 25, 2008.  On July 2, 2009,

the Honorable David A. Baker issued a Report and Recommendation on the Motion (Dkt.

81), recommending that the Motion be granted.  On July 17, 2009, Plaintiffs filed an

objection to the Report and Recommendation (Dkt. 82), to which Defendants responded

on August 3, 2009.  (Dkt. 83.)  Having considered all of the foregoing, the applicable case

law and being otherwise fully advised, the Court orders that the **Motion to Dismiss** (Dkt.

72) is **GRANTED**.

## I. Standard of Review for a Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).   A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). Even in the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

## II. Discussion

Upon review of the Report and Recommendations (Dkt. 81), the Court adopts Judge Baker's findings and ultimate conclusions with respect to the nature of the allegations in the Complaint.  More specifically, the Court agrees with Judge Baker's analysis under Private Securities Litigation Reform Act,  concerning content of the cautionary statement and the "actual knowledge" element.  However, the Court does not conclude that under no

circumstances could the failure to make a disclosure of a material nature ever be actionable where there is cautionary language accompanying the forward looking statements.  See Sherleigh Associates LLC v. Windmere-Durable Holdings, Inc., 178 F.Supp.2d 1255,1273-74 (S.D. Fla. 2000)(The court found that, after considering the factual allegations concerning what defendants knew, defendants' cautionary language, "when cast against the alleged omissions and mistatements [], did not fairly and adequately warn potential investors of the alleged risks. . . ."); but see In re: Sawtek Securities Litigation, No. 603CV294ORLDAB, 2005 WL 2465041, at *11 (M.D. Fla. 2005)("Defendants are not required to list the particular factors that lead to operating result less than rosy than those forecast in the forward looking statement.  So long as the Defendants warned the Lead Plaintiffs of risks of significance similar to those that were actually realized, they were entitled to safe harbor." (citation omitted)).   Nevertheless, because Plaintiffs' allegations of Defendants' knowledge are insufficient in this case to establish actual knowledge of facts rendering their statements fraudulent or to establish the requisite scienter to conceal those facts, the Court need not address the issue of whether fraud by a Defendant could ever be so egregious that it supplants Defendants' cautionary language, thereby eliminating Defendants' safe harbor protection.  See Report and Recommendation, Dkt. 81 at 16 ("[T]here is no factual support pled for the conclusion that the Company "knew" the effect of events that had yet to occur . . . or the future impact of events that had occurred. . . . ")


## III.  Conclusion

Therefore, it is hereby **ORDERED** as follows:

1.      The Report and Recommendation with respect to Defendants' Motion to Dismiss Class Action Complaint (Dkt. 81) is **CONFIRMED in Part** and **ADOPTED in Part**, as detailed in this Order;

2.      Defendants' Motion to Dismiss Class Action Complaint (Dkt. 72) is **GRANTED**; and

3.      The **CLERK** is directed to **TERMINATE** all pending motions and **CLOSE** this case.

**DONE AND ORDERED** in Orlando, Florida, on this 11th day of August 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
The Honorable David A. Baker
Counsel of Record